| | |
|---|---|
| DISTRICT COURT, ROUTT COUNTY, COLORADO<br>1955 Shield Drive #200 Steamboat Springs, CO 80487 | |
| **Plaintiff: STATE FARM FIRE & CASUALTY COMPANY**<br><br>v.<br><br>**Defendants: MARLEY ENGINEERED PRODUCTS, SPX CORPORATION, and BERKO ELECTRIC MANUFACTURING CORPORATION** | DATE FILED: January 13, 2022 5:04 PM<br>FILING ID: 1C188A8BD791B<br>CASE NUMBER: 2022CV30005<br><br><br><br>^     **COURT USE ONLY**     ^ |
| Alan Greenberg, Esq., #18817<br>GREENBERG SADA & MOODY PC<br>770 W Hampden 227<br>Englewood CO   80110<br>303-781-3529 | Case Number:<br><br><br>Division 3 |
| **COMPLAINT** | |

COMES NOW THE PLAINTIFF, State Farm Fire & Casualty Company ("State Farm"), by and through the undersigned, its attorneys, hereby alleges and avers as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff STATE FARM is and was, at all times relevant, an insurance carrier authorized to conduct the business of insurance in Colorado.

2. Defendant Marley Engineered Products ("Marley") is a South Carolina business entity with its principal place of business located at 470 Beauty Spot Road, Bennettsville, South Carolina.

3. At all times relevant hereto, Defendant Marley Engineered Products ("Marley") was a division of Defendant SPX Corporation.

1

**EXHIBIT A**

4. At all times relevant hereto, Marley was engaged in the business of, *inter alia*, designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric heaters, including but not limited to electric heaters under the Berko brand.

5. Defendant SPX Corporation ("SPX") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 6325 Ardrey Kell Road, Suite 400, Charlotte NC 28277

6. At all times relevant hereto, SPX was engaged in the business of, *inter alia*, designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric heaters, including but not limited to electric heaters under the Berko brand.

7. Defendant Berko Electric Manufacturing Corporation ("Berko") was a New York corporation with its principal place of business at 2300 One First Union Center, 301 South College Street, Charlotte, North Carolina.

8. At all times relevant, Defendant Berko was engaged in the business of, *inter alia*, designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric heaters, including but not limited to electric heaters under the Berko brand.

9. This Court has jurisdiction over the parties pursuant to the Colorado Long Arm Statute, Colo. R. Stat. § 13-1-124.

10. Venue is proper with this Court pursuant to Colo. R. Civ. P. 98 because the actions complained of occurred in Routt County.

## General Allegations

**EXHIBIT A**

11. At all times material hereto, Richard Gaines ("Gaines") owned or had an insurable interest in the real and personal property located at 36857 Tree Haus Dr., Steamboat Springs CO 80487, (the "Residence").

12. At all times relevant, Plaintiff STATE FARM insured the Residence and the personal property contained therein pursuant to a policy of insurance (the "Insurance Policy"). Prior to March 1, 2020, the Defendants designed, manufactured, distributed, sold and supplied a Berko or Marley brand toe-space electric heater (the "Subject Heater"), which was installed in the Residence.

13. Upon information and belief, the Subject Heater was designed, manufactured and installed in the Residence before August 30, 2007. On August 30, 2007, Defendants, in cooperation with the United State Consumer Product Safety Commission, announced a voluntary recall of Berko Electric Toe-Space Heaters due to a fire hazard.

14. The Subject Heater is the same brand of Berko electric heaters subject to the recall.

15. A fire occurred on March 1, 2020 at the Residence, causing extensive fire, smoke, and water damage and water damage to the structure and its contents. The fire originated in the kitchen of the Residence in the Subject Heater and was caused by a malfunction and/or defective and unreasonably dangerous condition existing within the Subject Heater.

16. As a result of the fire, made a claim under the Insurance Policy and Plaintiff paid monies to or on behalf of its insureds. Plaintiff is now equitably and contractually subrogated to the rights and claims of its insureds against the Defendants to the extent of monies paid.

**EXHIBIT A**

**First Claim for Relief (Negligence against all Defendants)**

17.     Plaintiff adopts and incorporates by reference all previous allegations as if fully set forth herein.

18.     Defendants were negligent in the design and manufacture of the Subject Heater due to defective component parts contained therein.

19.     Regardless of the date of manufacture or the applicability of the recall, Defendants were further negligent as a result of the following:

    a. failing adequately, properly and safely to inspect and test the Subject Heater;

    b. failing adequately, properly and safely to train and supervise its employees, agents and/or contractors involved in the design, manufacture and assembly of the Subject Heater;   and

    c. otherwise failing to use reasonable care under the circumstances.

20.     As a result of the Defendants' negligence, Plaintiff incurred damages and losses in an amount to be determined at trial.

**Second Claim for Relief (Strict Liability against all Defendants)**

20.     Plaintiff adopts and incorporates by reference the previous allegations as if fully set forth herein.

21.     The Defendants were the manufacturer of the Subject Heater.

22.     The Defendants are and were at all times relevant engaged in the business of manufacturing Berko electric heaters, like the Subject Heater.

23.     The Subject Heater was defective because it contained a defect in the fan which caused it to cease operating and allowed overheating, among other things.

4

**EXHIBIT A**

24. The Subject Heater was unreasonably dangerous to the property of persons, such as Plaintiffs' insureds, who might reasonably be expected to use or be affected by the same.

25. The Subject Heater manufactured by the Defendants was defective at the time it was sold by Defendants or left its control.

26. Plaintiff should reasonably be expected to have been affected by harm, such as fire damage, caused by the defects and deficiencies in the defective Subject Heater.

27. Plaintiff incurred damages and losses in an amount to be proven at the time of trial, which were caused by fire originating at the defective Subject Heater.

### Third Claim for Relief (Breach of Implied Warranty of Merchantability against all Defendants)

28. Plaintiff adopts and incorporates by reference the previous allegations as if fully set forth herein.

29. The Defendants manufactured and sold the Subject Heater that caused the fire.

30. Plaintiff was reasonably expected to be affected by the performance of the Subject Heater.

31. The Subject Heater was used in a manner and for a purpose for which it was intended and for a purpose for which Defendants should have reasonably expected it to have been used.

32. The Defendants' breach of warranty caused Plaintiff damages and losses in an amount to be proven at the time of trial.

33. Within a reasonable amount of time after Plaintiff discovered the breach of warranty, it notified Defendants of such breach.

**EXHIBIT A**

**Fourth Claim for Relief (Breach of Warranty of Fitness for a Particular Purpose against all Defendants)**

34. Plaintiff adopts and incorporates by reference the previous allegations as if fully set forth herein.

35. The Defendants manufactured and sold the Subject Heater that caused the fire.

36. The Defendants impliedly warranted the Subject Heater would be suitable and fit for its particular purpose of providing heat.

37. Plaintiff's insured should reasonably have been expected to be affected by the performance of the Subject Heater.

38. The Subject Heater was not suitable or fit for the particular purpose for which it was warranted due to its defects and deficiencies.

39. The Subject Heater was used in a manner and for a purpose for which it was intended and for which the Defendants should have reasonably expected it to have been used.

40. The Defendants' breach of implied warranty of fitness for a particular purposed caused the Plaintiff damages and losses in an amount to be proven at trial.

**Fifth Claim for Relief (Breach of Post-Sale Duty to Warn)**

41. Defendants knew or should have known, prior to the fire at issue in this case, that the Subject Heater posed a substantial risk of harm to persons or property.

42. Defendants could have reasonably identified the Centeno's Residence as containing the Subject Heater.

43. A warning could have been effectively communicated and acted on by Plaintiff's insureds.

**EXHIBIT A**

44. The risk of harm was sufficiently great to justify the burden of providing a warning.

45. Plaintiff and Plaintiff's insured could have reasonably been assumed to been unaware of the risk of harm.

46. A reasonable person in the Defendants' position would have provided a warning.

47. As a result of Defendants' breach, Plaintiff sustained damages and losses in an amount to be proven at the time of trial.

WHEREFORE, State Farm, prays for relief as follows:

1. For damages in amounts to be proven at trial;

2. For interest, costs and attorney's fees as allowed by law;

3. For prejudgment interest as provided by law; and

4. For such further relief as this Court deems just and proper.

Respectfully submitted this January 13, 2022.

*/s/ Alan Greenberg*
Alan Greenberg, Esq. 18817
Attorney for Plaintiff
770 W. Hampden Ave., Suite 227
Englewood, CO   80110
(303) 781-3529

**EXHIBIT A**

| DISTRICT COURT, ROUTT COUNTY, COLORADO<br>1955 Shield Drive #200 Steamboat Springs, CO 80487 | |
|---|---|
| **Plaintiff: STATE FARM FIRE & CASUALTY COMPANY**<br><br>v.<br><br>**Defendants: MARLEY ENGINEERED PRODUCTS, SPX CORPORATION, and BERKO ELECTRIC MANUFACTURING CORPORATION** | ^ COURT USE ONLY ^ |
| Attorney or Party Without Attorney (Name and Address):<br>Greenberg Sada & Moody P.C.<br>Alan Greenberg, #18817,<br>770 W. Hampden Ave. Suite 227, Englewood, Colorado 80110<br>Phone Number:   303-781-3529 | Case Number:<br><br><br>Division/Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not apply**):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   X This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." **OR**

   ☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: January 13, 2022                              GREENBERG SADA & MOODY PC
                                                    /s/ *Alan Greenberg*

**NOTICE:** This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
01/26/2022
CT Log Number 540943732

**TO:** Brenda Godfrey
SPX Corporation
6325 ARDREY KELL ROAD, SUITE 400
CHARLOTTE, NC 28277

**RE:** Process Served in Colorado

**FOR:** Marley Engineered Products LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STATE FARM FIRE & CASUALTY COMPANY // To: Marley Engineered Products LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Property Damage Litigation |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Centennial, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2022 at 12:34 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Brenda Godfrey  brenda.godfrey@spx.com |
| | Email Notification,  CAROL WERTH  carol.werth@spx.com |
| | Email Notification,  Taniqua Este  taniqua.este@spx.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>7700 E Arapahoe Road<br>Suite 220<br>Centennial, CO 80112 |
| | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SM

**EXHIBIT A**

P.O. 1/26/22 12:15

| | |
|---|---|
| DISTRICT COURT, ROUTT COUNTY, COLORADO<br>Court address: 1955 Shield Drive #200 Steamboat Springs, CO 80487 | |
| Plaintiff: STATE FARM FIRE & CASUALTY COMPANY<br><br>v.<br><br>Defendants: MARLEY ENGINEERED PRODUCTS, SPX CORPORATION, and BERKO ELECTRIC MANUFACTURING CORPORATION | ^ COURT USE ONLY ^ |
| Attorney or Party Without Attorney (Name and Address):<br>Greenberg Sada & Moody P.C.<br>Alan Greenberg, #18817, Caroline Sada, #33145,<br>Makyla Moody #34955<br>770 W. Hampden Ave. Suite 227, Englewood, Colorado 80110<br>Phone Number:   303-781-3529 | Case Number:<br><br><br><br>Division/Courtroom |
| **DISTRICT COURT CIVIL SUMMONS** | |

TO THE ABOVE NAMED DEFENDANT(S):

      You are hereby summoned and required to file with the clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the state of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

      If you fail to file your answer or other response to the Complaint in writing with the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: January 13, 2022

GREENBERG SADA & MOODY PC

*/s/ Alan Greenberg*

Alan Greenberg, #18817
Caroline M. Sada, #33145
Makyla M. Moody, #34955
ATTORNEYS FOR PLAINTIFF
File #:  0605B408Z

**EXHIBIT A**